LOTTINGER, Judge.
This matter is before us on an appeal' taken by Richard Jones, claimant for unemployment compensation benefits, from a Judgment of the Lower Court which dismissed his petition for judicial review of a ruling of the Louisiana Board of Review-in connection with his claim for benefits.
Jones filed a claim for unemployment compensation benefits stating therein that he had been laid off by his employer, Dixie Electric Membership Corporation. The-latter notified the agency that the claimant had been guilty of insubordination. In an interview conducted by a representative of the Division of Employment Security, the claimant furnished the following information :
“The foreman who I was working under started cursing me. I was mixing concrete and I did not seem to satisfy him with anything I did.”
“When he started cursing, I told hir» that if I was not satisfying him I would go on home. Pie told me that is-what he wanted me to do.”
Considering the foregoing, a determination was made:
“You were discharged from your job with Dixie Electric Membership Corp. on 8/18/61 for insubordination. Your discharge was for misconduct connection with the work.”
Aggrieved by the foregoing determination, Jones appealed to the Appeals Referee who conducted a hearing at which both Jones and a representative of the employer appeared to give testimony. With the testimony taken at the hearing, together with-the foregoing statements before him, the Appeals Referee ruled that Jones had been-correctly disqualified, but that the disqualification was not for misconduct connected! *55 with his employment, but rather for leaving his employment without good cause connected therewith. The ruling of the referee, was affirmed by the Louisiana Board ■of Review following which Jones instituted .a proceeding for judicial review which was decided adversely to him as stated before.
The record contains no evidence what■ever of insubordination on the part of •claimant; as a matter of fact, the employer’s witnesses testified that he knew nothing of any alleged insubordination on the part of Jones and that he found no fault with him in this respect. The situation presented is quite similar to that found -in King v. Brown, La.App., 115 So.2d 405, wherein the Court observed in part as follows :
■“Appellant shows that in the initial agency determination of his claim, un•der the provisions of L.S.A.-R.S. 23 :- 1624, his discharge from employment ■was predicated upon the charge that he would not follow instructions in leaving his car at the employer’s office and riding to the job site in a conveyance furnished by the employer. Although he was exonerated of said charge, he was, nevertheless, found guilty of mis.conduct in connection with his employment, of which he had no prior knowledge and with which he had not been charged. * * *
'“Claimant, therefore, protests that the ■substitution and allowance of charges ■other than that found by the agency is in conflict with the provisions of L.S.A.-R.S. 23:1629, providing that a ■claimant shall be afforded an opportunity for a ‘fair hearing’. A ‘fair hearing’ is synonymous with a ‘fair and impartial trial,’ and the terms, at least, by strong implication, require a reasonable and substantial compliance with the principle of due process of law. A ‘fair trial’ includes the right to notice of the charges one is to be confronted with, and the right of cross-examining his accusers, and to examine and refute the evidence tendered against him. An opportunity to be heard and to defend are essential elements of a fair hearing and of due process. * * *
“In the instant case, claimant was charged in the agency’s determination of misconduct connected with his employment in a certain specified particular. He and his counsel attended the hearing. Based upon that charge, prepared for its refutation, they successfully, according to the appeals referee and the Board of Review, disproved or rebutted the charge. Notwithstanding the employee’s exoneration of the charge directed against him, the appeals referee and the Board of Review found the employee guilty of other misconduct with which the employee had not been charged, with which he had no prior knowledge, by which he was surprised and which he was unprepared to defend. * * *
“As pointed out in Burge v. Administrator, Division of Employment Security of Department of Labor of State of Louisiana, supra [La.App., 83 So.2d 532], the findings of fact by the Board of Review, as well as those of the appeals referee, must be supported by evidence and by that is meant legal and competent evidence. To that statement of essential requirements must be added the basic prerequisite to any finding, that of notice of the charge and an opportunity to be heard thereon; otherwise, the parties are denied a reasonable opportunity for a fair hearing as conferred by statute. By the substitution of charges aforesaid, claimant was not afforded the fair hearing contemplated by the statute.”
From the foregoing, it is apparent that here, as in the King case, the claimant was faced with one charge and then found guilty of another and was consequently denied his right to a fair hearing, as required by law.
*56 IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Judgment appealed from be and it is hereby reversed and set aside and it is now ORDERED, ADJUDGED AND DECREED that there be judgment in favor of claimant, Richard Jones, and that this matter be and it is hereby remanded to the Board of Review with instructions that an order issue directing payment to plaintiff of unemployment compensation benefits to which he may be entitled under the Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq., and it is so ordered.
Reversed and remanded.
ELLIS, J., recused.