I ¿DOWNING, J.
This is an appeal of the denial of unemployment benefits. Brendan Daniel appeals a district court judgment upholding an Administrative Law Judge’s (ALJ) decision disqualifying him from benefits pursuant to La. R.S. 23:1601(2). The ALJ found that Daniel was terminated “with cause” from his employer, Wal-Mart, and the district court affirmed. For the following reasons, we reverse the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
Brendan Daniel worked for Wal-Mart as a night-stocker. On May 27, 2001, when he was preparing to end his shift at 7:00 a.m., he was asked to retrieve a product for a customer. As he was performing this task, he encountered his supervisor, Patrick Richard, who was handling a pallet of groceries and blocking his way. A verbal altercation ensued between Richard and Daniel. Richard told Daniel to go home. The following day, Daniel contact *139 ed the store manager, Don Lingo, who told him to write an official statement. When Daniel returned to the store on June 1, 2001, to turn in the statement, Lingo told Daniel “good luck, you’re not here anymore.” Daniel assumed this meant he had been terminated. On June 12, 2001, he returned to the store and signed an exit interview form indicating that he left his employment voluntarily due to being “dissatisfied with his supervisor.”
Daniel applied for unemployment compensation benefits. Wal-Mart protested the claim with a statement that Daniel left voluntarily. An administrative hearing was conducted on August 31, 2001 and on September 7, 2001 a decision disqualifying Daniel for unemployment benefits was rendered. Daniel appealed to the Board of Review. On November 2, 2001, the Board remanded the case because the tape of the hearing was blank. A second hearing was held by ALJ, Ronald Harrison, on December 10, 2001. The ALJ ordered Daniel disqualified | ^pursuant to La. R.S. 23:1601(2). Daniel again appealed to the Board. The Board upheld the ALJ decision and Daniel appealed to the district court for judicial review. The district court affirmed the Board of Review decision.
STANDARD OF REVIEW
The standard of judicial review of decisions made by an administrative law tribunal concerning unemployment compensation benefits is governed by La. R.S. 23:1634(B). As we summarized this standard in Woods v. Cameco Industries, Inc., 01-0298, p. 7 (La.App. 1 Cir. 3/28/02), 815 So.2d 370, 375, in any proceeding under this Section, in the absence of fraud, the factual findings of the Board of Review shall be conclusive if that decision is supported by sufficient evidence not manifestly erroneous. Moreover,the jurisdiction of the appellate court shall be confined to questions of law. Thus, pursuant to La. R.S. 23:1634, our review is limited to whether the facts are supported by the evidence and whether the facts justify the action taken as a matter of law. Id.
DISCUSSION
There are two reasons to reverse this decision.
First, the ALJ inferred an intention on the part of Wal-Mart to fire Daniel for insubordination despite the fact that there was no evidence to support that accusation and there was direct evidence to the contrary. Thus, the narrow legal question here is: does La. R.S. 23:1624 (which states, “If a disqualification is alleged, or appears to exist...” (emphasis added)) authorize the ALJ to find that an employer terminated an employee for misconduct when the employer itself never asserted that the employee was fired, when there is no evidence that the employer intended to terminate the employee, and when the only evidence is that the employee thought he had been terminated when he was told to go home?
Louisiana Revised Statute 23:1629 allows the finder of fact much discretion on what is to be heard at the administrative hearing. It appears that the purpose of La. R.S. 23:1625 is to allow the notice of hearing to be enlarged to encompass issues not properly articulated in the pleadings. Probably this evolved since neither the claimant nor the employer is usually represented by counsel. Accordingly, the hearings and appeals need not be in strict conformity with the technical rules of procedure and evidence. See King v. Brown, 115 So.2d 405, 411 (La.App. 2 Cir.1959). The fundamental rules, however, must not be entirely dispensed with, but should be reasonably and substantially adhered to so that the claimant is afforded an opportuni *140 ty for a fair hearing. Id. We have previously held that a “fair hearing” includes the right to notice of the charges with which one is to be confronted. Jones v. Administrator, Div. of Employment Sec., 154 So.2d 54, 55 (La.App. 1 Cir.1963).
The ALJ stated in the decision dated December 18, 2001, that the evidence in this case shows that Daniel was discharged because of a disagreement with his supervisor and because of his insubordinate behavior towards his supervisor. He determined that La. R.S. 23:1601(1) did not apply, but denied benefits pursuant to La. R.S. 23:1601(2).
Louisiana Revised Statute 23:1601(2)(a) provides, in pertinent part, that an individual shall be disqualified for benefits if the Administrator finds that he has been discharged for misconduct connected with his employment. Misconduct means mismanagement. of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.
Our careful review of the record indicates that Wal-Mart has never said that Daniel was fired or was going to be fired. Wal-Mart’s response to the Notice to Base Period Employers form states:
The claimant voluntarily quit due to dissatisfaction with the job.
|sThe Unemployment Insurance Claims Request for Information was sent to the claimant stating:
Our office has received a protest from WalMart stating you quit your employment with their company.
Daniel’s notice of disqualification states: You left your employment because of a disagreement with your employer/supervisor; Your leaving was not for good cause attributable to a substantial change made to the employment by the employer.”
The notice to appear for hearing mailed to claimant dated November 30, 2001 broadened the issues to be heard by the ALJ, pursuant to the authority of La. R.S. 23:1629, to include not only the issue of whether the employee quit, but also whether he was discharged for insubordination.
The notice of the hearing before the ALJ stated as follows:
Whether the claimant left employment because he was dissatisfied with his supervisor or after a dispute with his supervisor and whether these reasons can be considered good cause attributable to a substantial change made in the job by the employer. R.S. 23:1601(1). or
Whether the claimant was discharged for insubordination and/or by Pat Richards who told him not to return after he said “goodbye-adios” and whether these reasons can be considered misconduct connected with the employment. La. R.S. 23:1601(2).
This latter allegation was never raised by Wal-Mart, the employer. The supervisor with whom claimant had a dispute specifically testified that he told claimant to go home only for claimant to cool off, and that he did not intend to fire claimant. There is no testimony from any other Wal-Mart employee. Nor is there any document stating Wal-Mart intended to fire claimant for insubordination. The ALJ’s leap to that conclusion is in direct contravention of the only evidence of Wal-Mart’s intent in the record, which is that the supervisor did not intend to terminate the claimant’s employment.
Here the ALJ improperly inferred the intent of the employer to fire the claimant for insubordination when not only was there no evidence there was suchj^an intent, but direct evidence to the contrary. *141 Therefore, because there is no evidence that Wal-Mart intended to terminate Daniel’s employment, we must reverse the judgment based on La. R.S. 23:1601(2).
Secondly, the district court erred, as a matter of law, when it put the burden of proving that the employee was fired for misconduct on the employee and not on the employer. The matter came on for judicial review pursuant to La. R.S. 23:1601(2) only because the ALJ made a finding of fact that La. R.S. 23:1601(1) did not apply.
The district court stated in its written reasons that the ALJ gave claimant opportunity to explain whether he resigned or was discharged. The claimant was given ample opportunity to describe the incident. The district court concluded that the claimant did not satisfy the ALJ by a preponderance of the evidence that he was not discharged for good cause.
Where the employer seeks to deny benefits because of employee misconduct as defined by La. R.S. 23:1601, the burden of proof is on the employer, not -the employee. Cameco Industries, 01-0298, at p. 7, 815 So.2d at 375. The district court erred as a matter of law when it put the burden on the wrong party. Therefore, while this is an error of law, because of the disposition entered above in this case we preter-mit discussion of the consequences of this error.
DECREE
For the above reasons we reverse the judgment of the district court. The costs of this appeal are assessed against Wal-Mart Association, Inc.
REVERSED.
MCCLENDON, J., dissents.